UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| CLAY HEATH | CASE NO. 2:20-CV-00839 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| WORKFORCE GROUP LLC | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 5] filed by defendant Workforce Group LLC ("WFG") under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Clay Heath opposes the motion. Doc. 9.

## I.
### BACKGROUND

Heath alleges that he began working for WFG in March 2017, first under an independent contractor designation and then under an employment contract effective from September 28, 2018, onward. Doc. 1, att. 2, p. 2; *see id.* at 6–13. In March 2020, Heath was terminated for alleged "cause" under the employment contract—namely, for setting up a competing business enterprise. *Id.* at 14. He filed suit against WFG in the 14th Judicial District Court, Calcasieu Parish, Louisiana, raising claims of breach of contract, violation of Louisiana's Wage Payment Act ("LWPA"), and violation of the Fair Labor Standards Act by failure to pay overtime wages. *Id.* at 1–5. WFG then removed the suit to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. It now moves to dismiss the

LWPA claims for (1) unpaid wages and (2) penalty wages and attorney fees, alleging a failure to plead facts pointing to a violation of that statute. Doc. 5.

## II.
## LAW & APPLICATION

### A. *Rule 12(b)(6)*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

B. *Application*

1. *Unpaid wages claim*

The main purpose of the LWPA "is to compel an employer to pay the earned wages of an employee promptly after his dismissal or resignation and to protect discharged Louisiana employees from unfair and dilatory wage practices by employers." *Slaughter v. Bd. of Supervisors of S. Univ. and Agric. And Mech. College*, 76 So.3d 438, 446 (La. Ct. App. 1st Cir. 2011). Accordingly, the statute creates liability for an employer who fails to timely pay wages owed to an employee before his next regular payday or no later than fifteen days following the date of discharge, whichever occurs first. La. Rev. Stat. § 23:631(A)(1)(a)–(b); *see, e.g.*, *Hanks v. La. Cos.*, 205 So.3d 1048, 1057 (La. Ct. App. 3d Cir. 2016). To state a claim for unpaid wages under the LWPA, an employee must allege (1) that the defendant was his employer; (2) that the employment relationship ceased to exist; (3) that at the time of his termination, he was owed wages; and (4) that the defendant failed to submit the owed wages within the statutory period. *Spriggs v. Hancock Whitney Corp.*, 2019 WL 4580048, at *2 (M.D. La. Sep. 20, 2019).

WFG moves for dismissal on the grounds that Heath's allegations lack specificity as to the demand made or wages owed. It also asserts that the penalty wages claim should be dismissed on this basis. Heath has alleged that WFG breached the LWPA "by failing and refusing to pay Plaintiff commissions, vacation time, and other amounts constituting wages that were earned and due" at the time of his termination, despite written demand by Heath. Doc. 1, att. 2, ¶¶ 12–13.

3

As Heath notes, the "demand" contemplated under the LWPA is not limited to any particular form and does not even have to be in writing. *See Haber v. Ocean Canyon Properties, Inc.*, 251 So.3d 454, 459 (La. Ct. App. 1st Cir. 2018) (finding "a 'fairly precise and certain' oral request for payment" sufficient). Accordingly, the lack of specificity about the demand does not impact Heath's unpaid wages claim. Heath has also alleged that the wages remain unpaid and that the statutory period has passed. Because this period is tied to the termination or regular pay period rather than when the employee's demand is received, failure to allege timing of the notice does not amount to failure to state a claim. Other details relating to the demand may be revealed through discovery but are not required to survive the pleading stage for the claim under § 23:631.

As for the wages element, WFG notes that the term is one of restricted meaning under the LWPA and encompasses only sums "which are earned during a pay period." *Boudreaux v. Hamilton Med. Grp.*, 644 So.2d 619, 622 (La. 1994). Accordingly, it alleges that Heath's allegation of entitlement to "commissions, vacation time, and other amounts constituting wages" that were "earned and due" at the time of his termination is too vague to show a claim for relief. WFG does not dispute, however, that commissions, vacation time, and "other amounts" might constitute wages under the statute so long as they are earned per pay period. It also fails to point to any authority requiring that the categories of wages allegedly owed be listed in the complaint. Plaintiff's allegations are likewise sufficient under this element, and the particulars may be revealed through discovery. Accordingly, the motion is denied as to the unpaid wages claim.

4

### 2. *Penalty wages and attorney fees claim*

The LWPA also provides that an employer who fails to comply with the provisions of § 23:631 shall be liable for penalty wages and attorney fees. La. Rev. Stat. § 23:632. To recover under the penalty wages provision, the plaintiff must also show that (1) wages were due and owing; (2) demand for payment was made where the employee was customarily paid; and (3) the employer did not pay upon demand. *Becht v. Morgan Bldg. & Spas, Inc.*, 843 So.2d 1109, 1112 (La. 2003).

As WFG notes, there is no description of the manner of demand made in the complaint. In his opposition, however, Heath references a letter attached to the complaint and dated March 19, 2020 (the date of his termination). Doc. 1, att. 2, pp. 14–15. The letter was sent by Heath to WFG employee Marston Fowler at an email address and mailing address in Baton Rouge, Louisiana. Doc. 1, att. 2, pp. 14–15. In it Heath responds to allegations made in support of his termination and makes the following request:

> I understand that the WFG does not agree to the 15 days but its in my contract and I am requesting the 15 day language in my contract and pay for those 15 days **along with PTO pay**.
> WFG has never paid me my commission on time as stated in my contract and I have been treated unfairly on compensation by not being paid on time. I was also told and promised by Marston that he was working on my project bonus for Memphis which I still have not received. Will I receive this bonus [or] was that just a promise not kept by WFG and Marston?

*Id.* (emphasis added). WFG does not argue that the letter was sent to an improper location or recipient. Instead, it maintains that the language cannot be construed as an adequate demand because it refers to future wages and bonuses rather than earned wages. The letter also requests paid time off, and this request does not appear to be restricted to the "15 day"

future wages also sought. Paid time off may qualify as a "wage" under the LWPA when the terms of employment establish that it is earned by the employee, accruing according to a benefits schedule. *Davis v. St. Francisville Country Manor, LLC*, 136 So.3d 20, 25 (La. Ct. App. 1st Cir. 2013). Determining whether the PTO demanded by Heath would qualify as a wage requires evidence outside the scope of the court's review under Rule 12(b)(6). Accordingly, the March 19 letter suffices for the pleading stage at least as to Heath's demand for unpaid PTO. The adequacy of this letter and/or any other demand made for other categories of wages may be tested through summary judgment after the parties have had time for discovery.

## III.
### CONCLUSION

For the reasons provided above, the Motion to Dismiss [doc. 5] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 5th day of August, 2020.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE